1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name _Bogan_    _Gregory    A._
        (Last)     (First)        (Initial)

3  Prisoner Number __P-45574__

4  Institutional Address _California Medical Facility_

5  _P.O. Box 2500  Vacaville, CA  95696_

6  ==================================================
  **UNITED STATES DISTRICT COURT**
7  **NORTHERN DISTRICT OF CALIFORNIA**

8  __GREGORY BOGAN__    **CV    08    3882**
  (Enter the full name of plaintiff in this action.)

9           vs.    Case No. _____
  (To be provided by the clerk of court)
10  MIKE KNOWLES (WARDEN) A

11  _____    **PETITION FOR A WRIT**
  **OF HABEAS CORPUS**    **JW**
12  _____

13  _____    **E-filing**    **(PR)**

14  (Enter the full name of respondent(s) or jailer in this action)

15  ==================================================

16  Read Comments Carefully Before Filling In

17  When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located.  If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Alameda County Superior          Oakland
_____

Court                              Location

(b) Case number, if known    H-24907 (B)

(c) Date and terms of sentence    June 25, 1999

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes XX    No _____

Where?

Name of Institution: California Medical Facility

Address: P.O. Box 2500 Vacaville, CA 95696

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

2nd degree Robbery penal code 211, Prior felony Conviction

18USC 2113 (a).

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                   Yes __XX__     No _____

    Preliminary Hearing:         Yes __XX__     No _____

    Motion to Suppress:         Yes __XX__     No _____

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere __XX__

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes _____     No _____

7. Did you have an attorney at the following proceedings:

| | | | |
|---|---|---|---|
| (a) | Arraignment | Yes __XX__ | No _____ |
| (b) | Preliminary hearing | Yes __XX__ | No _____ |
| (c) | Time of plea | Yes __XX__ | No _____ |
| (d) | Trial | Yes _____ | No __XX__ |
| (e) | Sentencing | Yes __XX__ | No _____ |
| (f) | Appeal | Yes _____ | No __XX__ |
| (g) | Other post-conviction proceeding | Yes _____ | No __xx__ |

8. Did you appeal your conviction?        Yes _____     No __XX__

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal         Yes _____     No _____

        Year: _____    Result: _____

        Supreme Court of California    Yes _____     No _____

        Year: _____    Result: _____

        Any other court         Yes _____     No _____

        Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

petition?                                               Yes _____   No __XX__

(c)   Was there an opinion?                             Yes _____   No __XX__

(d)   Did you seek permission to file a late appeal under Rule 31(a)?

                                                        Yes _____   No_____

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes __XX__   No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)   If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: __Alameda County Superior Court__

      Type of Proceeding: __Habeas Corpus__

      Grounds raised (Be brief but specific):

      a.__(see attached pages 1a thru 4.__

      b.__(see attached pages 1 thru 8.__

      c.__(see attached pages 1b thru 9__

      d._____

      Result: __Denied_____Date of Result: __3/20/07__

II.   Name of Court: __First Appellate District Div.__

      Type of Proceeding: __Habeas Corpus__

      Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

a. __Same as above_____

b._____

c._____

d._____

Result: _____Date of Result: __10/23/07__

III.    Name of Court: __California Supreme Court_____

Type of Proceeding: __Habeas Corpus_____

Grounds raised (Be brief but specific):

a.__Same as above_____

b._____

c._____

d._____

Result: __Denied_____Date of Result: __05/08/08__

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No__XX__

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1    need more space. Answer the same questions for each claim.

2         [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One:_____ (See Attached pages 1a thru 4)_____

6    _____

7    Supporting Facts:___ (See attached pages 1 thru 4)_____

8    _____

9    _____

10   _____

11   Claim Two:_____ (See attached pages 1 thru 8)_____

12   _____

13   Supporting Facts:___ (See attached pages 1 thru 8)_____

14   _____

15   _____

16   _____

17   Claim Three:_____ (See attached pages 1b thru 9)_____

18   _____

19   Supporting Facts:___ (same as above)_____

20   _____

21   _____

22   _____

23        If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   _____

26   _____

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4    Cunningham v. California

5    Santobello v. New york

6    Brown v. Poole

7    Do you have an attorney for this petition?        Yes_____    No  XX

8    If you do, give the name and address of your attorney:

9    

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on __July 28, 2008___

14             Date                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

## INTRODUCTORY STATEMENT OF CASE

On March 20, 2007, Petitioner filed a Petition of Habeas Corpus in Alameda County Superior Court, citing that the trial court Violated the Determinate sentence Law, by sentencing the petitioner to the Upper term of five (5) years for second degree Robbery, Inlight of the Cunningham v. California ruling the petitioner charge carries a Mid term of 3 years.

In a <u>EX PARTE PROCEEDINGS</u>, on May 11, 2007 the lower courts **Denied** the petitioner's petition for writ of Habeas Corpus citing the following reasons; The petition fails to stats a prima face claim, and that the Cunningham line do not apply where the petitioner has agreed to a specific term of imprisonment, and where the sentencing court uses an aggravated term to reach the term the petitioner has agreed to. In essence, petitioner has admitted the aggravating facts that justify the imposition of the upper term, In addition, petitioner's case became final in June 1999.

California Appellate courts have declined to apply Apprendi and Blakely retroactively, stating that since these cases are not applied retroactively, they do not apply to petitioner's case. (see court decision).

This Appeal argues that the <u>Cunningham v. California</u> line does in fact apply to all determinate sentences in  which the defendant was sentence to the upper term without a jury hearing the facts, and that the Cunningham line is Ritroactive.

///

///

///

///

1a

GROUND ONE:

THE CALIFORNIA DETERMINATE SENTENCING LAW VIOLATED
THE DEFENDANT'S RIGHT TO JURY TRIAL, BY PLACING
SENTENCE ELEVATING FACT-FINDING WITH THE SENTENCING
JUDGE, THAT LED TO A ELEVATED UPPER TERM SENTENCE
Cunningham v. California and Poteate v. California 2007

STATEMENT OF FACTS:

On March 15, 1999, Petitioner Bogan was convicted in Alameda County Superior Court after rendering a No-Contest Plea to "Two Counts of P.C. §211 2nd degree Robbery, With Use Clause P.C. §12022.5, Two counts of P.C. §236 False Imprisonment, One count of P.C. 12021(a) Felon in possession of a firearm, petitioner also admitted to three prior convictions.

Bogan's Plea was a Non-Negotiated Disposition. On June 25, 1999 petitioner Bogan was sentence to a Aggravated Determinate Sentence of Twenty Five (25) years.

The petitioner contends that under California Determinate Sentencing Law, the offence of 2nd degree robbery carries a low term of two years, middle term of three years and upper term of five years. The prescibed statutory maximum for 2nd degree robbery is the Middle term of three years.

The sentencing judge exposed the petitioner Bogan to the "Upper" term of five (5) years, using aggravating factors the sentencing judge activated the statutory engancing penal code §1170.1 and penal code §667(e)(1) to double the petitioner's sentence to a term of Ten (10) years for count one of second degree robbery. As for the remaining counts it was as follows, count two 2nd degree robbery petitioner received three (3) years run concurrent, counts four and five penal code §236 false imprisonment petitioner received two (2) years run concurrent, count seven penal code §12021(a), petitioner received two (2) years run

concurrent. Petitioner was also sentence to enhancement penal code §12022.5 to a consecutive middle term of **Four (4) years.** Petitioner also received **five (5) years** for the first prior conviction, which was a 1991 Federal bank Robbery **U.S. section 2113(a)**, and **five (5) years**, for the second prior conviction of penal code §459 a 1986 first degree burglary and the final prison prior he received **one (1) year**, tor a total term of **25 years** determinate sentence. (see Abstract of judgment and sentencing transcripts).

ARGUEMENT AND CITINGS:

Inlight of the newly published decision by the United States Supreme Court, <u>Cunningham v. California</u> case No. 05-6551 (01-22-07) held that California's Determinate Sentencing Law (DSL) by placing sentence elevating fact-finding within the judge's province, violates the defendant's right to trial by jury, safeguarded by the **Sixth and Fourteenth Amendments.**

For most offenses, including Bogan's the DSL regime is implemented in the following manner. The Statute defining the offense prescribes three precise terms of imprisonment, a lower, middle, and upper term sentence. Penal code **§211 and §1170(b)** controls the trial judge's choice; it provides circumstances in **aggravation or mitigation** of the crime. Circumstances in **aggravation,** as crisply defined by the judicial council means **"facts"** which justify the imposition of the **upper** prison term.

California's determinate sentencing law assigns to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated **"upper term"** sentence. The facts so found are neither ingerent in the jury's verdict nor

2.

imbraced by the defendant's pleas, and they need only be established by a preponderance of evidence, not beyond a reasonable doubt.

The Federal Constitution's ury trial guarantee proscribes a sentence scheme that allows a judge to impose a sentence above the statutory maximum base on a "fact" other than a prior conviction not found by a jury or admitted by the defendant. "Apprendi v. New Jersey, 530 U.S. 466 (2000); Ring v. Arizona, 536 U.S. 584 (2002); Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005).

In petitioner's case, he plead to the charges above which limited the permissible sentence to Three years for P.C. §211. Additional factfinding by the sentencing judge, however, yielded an Upper term sentence of Five years for P.C. §211. Notably, the penal code permits elevation of sentence above the upper term based on specified statutory enhancements relating to the defendant's criminal history or circumstances of the crime.

The trial court using penal code §667(e)(1) and penal code 1170 doubled the petitioner's upper term to a aggravated maximum sentence of Ten (10) years, for a second degree robbery.

Unlike aggravating circumstances, statutory enhancements must be charged in the indictment, and the underlying facts must be proved to the jury beyond a reasonable doubt. Penal Code §1170.1 (e). Also a fact underlying engancement cannot do double duty; it cannot be used to impose an upper term sentence and, on top of that an enhanced term, As the sentencing judge did in the petitioner's case.

3.

Furthermore Inlight of **People v. Black 35 Cal. 4th 1238,**
**113 P.ed 534 (2005)** all statutory enhancements must be proved
to a jury. (citing penal code §667 (a) and 12022). In the petitioner's
case his priors under P.C. 667 **(a)** was not heard or proved to
a jury, not merely by a preponderance of the evidence. By merely
admitting the priors on record does not prove that the prior
felony convictions are enhancable convictions under penal code
667 **(a).**

As to the appropriate term the petitioner should receive
is as follows: for count one, **Three years** the statutory maximum
sentence, using penal code §667 **(e)(1),** the sentencing court
may double it to **Six years,** and for the enhancement under penal
code §12022.5, the middle term of **Four years,** and for the remaining
counts one third the mid term to run concurrent, and for the
statutory prior enhancements under penal code §667(a), because
the petitioner did not admitt to the priors being in the admit
of a **serious felony** under penal code §667(a), these enhancements
must be set aside.

Inlight of all of the above the petitioner sentence should
reflect a term of **Ten (10) years.**

CONCLUSION

The petitioner prays that this court adjust his sentence in
accordence with the Supreme Court Ruling and observe the Sixth
Amendment limitations declared in Cunningham v. California and
Apprendi v. New Jersey.

Dated: **07/28/08**

RESPECTFULLY SUBMITTED

*Mr. Gregory A. Bo*

GREGORY A. BOGAN

# INTRODUCTORY STATEMENT OF FACTS

The information charged Mr. Bogan, inter alia, with two prior "strikes," federal bank robbery (91-CR-0551 VRW), and a residential burglary (Alameda County.)(C.T.pp.13-14). The federal bank robbery conviction was also alleged as a serious felony conviction under penal code 667(a). (C.T.pp,5-8.) Following a change of plea hearing Mr. Bogan admitted to the charges on the information by pleading No-Contest. Mr. Bogan admitted to the priors alleged, but he did not admit to the priors being a serious felony nor did He sign a waver of his rights to the priors, being under penal code 667(a). (C.T.pp.13-15 & waver form.) The court entered true findings as to the allegations of the federal bank robbery and the residential burglary allegation, (C.T.pp.13-15.)

The court sentenced Mr. Bogan to a term of 25 years, this was a Non-Negotiated Disposition. (C.T.pp.1-2.) He also was given a five year enhancment for a serious felony prior as to the federal bank robbery conviction. (R.T.pp.5-8.)

This brief argues that the evidence was not sufficient to prove the federal bank robbery conviction was a serious or violent felony as understood in penal code, sections 667.5, subdivision(c) and 1192.7, or as a strike to double Mr. Bogan sentence under penal code 667(e)(1).

///

---

All statutory references shall be to the penal code unless otherwise stated. Those references to sections of Title 18, United States Code, will be clearly indicated.

ARGUMENT

THERE WAS NOT SUFFICIENT EVIDENCE TO SUPPORT
A FINDING THAT THE PRIOR FEDERAL BANK ROBBERY
CONVICTION (91-CR-0551 VRW) WAS A SERIOUS OR
VIOLENT OFFENSE WITHIN THE MEANING OF THE THREE
STRIKES LAW, OR EVEN A FELONY UNDER CALIFORNIA
LAW.

A.    Introduction.

The prosecution evidence of the federal conviction was
limited to an abstract of the federal judgment stating that
Mr. Bogan had pled guilty to count one and two alleging bank
robbery committed on September 9, 1991, a violation of Title
18 United States Code, section 2113(a)(d).[2]

B.    Scope of Title 18 U.S.C. Section 2113(a).

Title 18 U.S.C. section 2113(a) may be vilated  in more
than one way.

---

[2] To ease reference the pertinent provisions appear
below. [Title 18]Sec. 2113. Bank robbery and incidental crimes.
    (a) Whoever, by force and violence, or by intimidation,
takes, or attempts to take, from the person or presence of another,
or obatain by extortion any property or money or any other thing of
value belonging to, or in the care, custody, control, management, or
possession of, any bank, credit union, or any savings and loan
association; or
    Whoever enters or attempts to enter any bank, credit
union, or any savings and loan association, or any building used
in whole or in part as a bank, credit union, or as a savings
and loan association, with intent to commit in such bank, credit
union, or in such savings and loan association, or building,
or part thereof, so used, any felony affecting such bank, credit
union, or such savings and loan association and in violation
of any statute of the United States, or any larceny--
    Shall be fined under this title or imprisoned not more
than twenty years, or both."

2

Traditional robbery or its attemp "by force and violence" is a violation. Using extortion to obtain money, property or other things of value from the bank also violates the section,.[3]

The second paragraph of 18 U.S.C. sec. 2113(a) proscribes entering a bank with intent to commit any felony affecting such bank, or to commit larceny. This is basically a form of "bank burglary". While the felony a suspect intends to commit may involve the use of force or violence, the breadth of the paragraph is not limited to such offenses, but includes any felony affecting the bank. The breadth of Title 18 U.S.C. section 2113(a) is illustrated by the following cases, which affirmed convictions under it. None involve force, violence, or intimidation.

---

[3] Extortion under federal law goes beyond the use of force or violence to include "under color of official right" (18 U.S.C. sec. 1951(b)(2), or the use of criminal means to cause harm to reputation or property (18 U.S.C. sec. 891(6)). The California Legislature, when paraphrasing this first paragraph of 18 U.S.C. sec. 2113(a) in Penal Code, section 1192.7, subdivision(d), used "intimidation" rather than "extortion,"

A conviction under 18 U.S.C. sec. 2113(a) was affirmed when the defendant cashed a check on his account at the bank for $5000, knowing that he had only $100 in the account. (United States v. Registe(9th Cir. 1985) 766 F.2d 408, 409.) A conviction under 18 U.S.C. sec 2113(a) has been affirmed when the defendant entered a bank for the purpose of cashing a false check for $473.63. (United States v. Clark(7th Cir. 1984) 776 F.2d 623, 625-626.) In another case the defendant drove up to a drive-in teller window where a fellow conspirator teller gave him money and he drove away. His conviction for a violation of 18 U.S.C. sec. 2113(a) was also affirmed. (United States v. Phillips (8th Cir. 1979) 609 F.2d 1271, 1272-1273.) Convictions under 18 U.S.C. sec. 2113(a) have also been affirmed for nighttime entries and theft of money from banks at times when no one was present. (United States v. Scott (9th Cir. 1971) 452 F.2d 660'Peterson v. United States(8th Cir. 1969) 411 F.2d 1074, 1076-1077.)

As observed by the United States Supreme Court, the original federal Bank Robbery Act was amended at the request of the Attorney General specially to permit prosecution in cases in which there was no force or violence threatened or used. (Prince v. United States(1957) 352 U.S. 322, 325-326,[1 L.Ed.2d 370, 372-273, 77 S.Ct. 403].

C.        Bank Robbery as a Serious Felony.

In 1988 section 1192.7 of the Penal Code was amended to define "bank robbery," made a "serious felony" in subdivision (c)(19), in terms which tracked the first paragraph of 18 U.S.C. sec. 2113(a). (Sec. 1192.7,subd.(d).)

That amendment chose not to include the second paragraph of 18 U.S.C. sec. 2113(a). That evinces an intention by the Legislature to limit "bank robbery" to cases in which force, violence, or intimidation is used, and not include within the scope of "bank robbery" the nonviolent offenses Congress has included within the scope of 18 U.S.C. sec. 2113(a).

D.        What the Prosecution Must Prove.

        The prosecution has the burden of proof on allegations of prior convictions, just as it has on the underlying current offense. When the prior conviction is for an offense from a jurisdiction other that California, the prosecution must prove that the offense involves all the elements of the particular felony as defined in section 667.5, subdivision (c), or section 1192.7, subdivision (c), If the allegation is a prior "strike." (667,subd. (d)(2).) also 667 (g)-(f) under sec. 667(b)(i). For a prior prison term felony, again the foreign conviction must include all the elements of the particular felony under California law. (Sec. 667.5,subd.(f).)

        In the instant case, the prosecution introduced no evidence of the nature of the prior offense other than the abstract of judgment identifying the conviction for violation of 18 U.S.C. sec. 2113(a). No evdence was introduced identifying the actual conduct of Mr. Bogan which led to that charg. As the Supreme Court has stated: "Certainly the prosecution was entitled to go beyond the leastadjudicated elements of the (prior) conviction and use the entire record to prove that defendant had in fact [committed the type of conduct in question].... However, the People failed to do so". (Rodriguez, 17 Cal. 4th at pp.261-162.)

E.          Consequences Of a Failure Of Proof.

Where the prosecution fails to introduce evidence beyond identitying the code section violated in the federal conviction, it has proved no more than the elements of the least offense included within that code section. (Rodriguez. supra; People v. Guerrero (1988) 44 Cal. 3d 343, 355.)

In the instant case, the prosecution failed to prove that any offense was committed that has the same elements as an offense under California law. It has long been recognized that the multiple ways in which a violation of 18 U.S.C. sec. 2113(a) may be committed prclude regarding it as robbery under California law without further evidence identifying the conduct punished in the particular case. (People v. Leever(1985)173 Cal. App.3d 853,872; People v. Plies (1981) 121 Cal.App.3d 676, 680.) Since the 1988 amendment to section1192.7, subdivision(d), paraphrased only the first paragraph from 18 U.S.C. sec. 2113(a), the amendment emphasized that a "serious felony" under California law includes only some, not all, of the ways in which 18 U.S.C. sec 2113(a) may be violated.

F.          People v. Guerrero (1993)19 Cal. App. 4th 401

The dilemma this poses for the prosecution which fails to offer evidence of the predicate facts for the conviction of  18 U.S.C. sec. 2113(a) was temporarily resolved by the opinion in People v. Guerrero (1993) 19 Cal.App.4th 401, which concluded that a guilty plea to 18 U.S.C. sec. 2113(a) admits every element for all ways in which the section may be violated. This would include the elements for those offenses includded within 18

U.S.C. sec. 2113(a) offenses which include bank robbery as defined in section 1192.7, subdivision(d). Once having pled guilty, a defendant will not be permitted to argue later lack of evidence to prove a "serious felony" under California law, (Guerrero, 19 Cal. App.4th at pp. 407-409.) The problems with the opinion in Guerrero are legion, however.

First, the opinion in Guerrero ignores the decision of the Legislature in section 1192.7 subdivision(d), to paraphrase only the first paragraph from 18 U.S.C. section 2113(a). That choice manifests an intent not to punish as serious felonies the other ways of violating 18 U.S.C. section 2113(a).

Second, in the later decision in Rodriguez, the California Supreme Court approved and continued the "least adjudicated elements" test when the evidence of prior conviction is limited to identification of the code section involved. (Rodriguez, 17 Cal.4th at pp. 261-262.) That is inconsistent with the Court of Appeal's decision in Guerrero.

Finally, a recent decision analyzed the precedents relied upon by the Court of Appeal in Guerrero, and found they did not support the interpretation given them by the Guerrero opinion. (People v. Cortez (1999) 73 Cal. App.4th 276,____ [86 Cal.Rptr.2d 234, 238].)

G.    Summary.

The paucity of the evidence affects both the use of the federal conviction as a strike, and its use as a prior felony prison term conviction. For both uses, evidence is needed to identify the conduct punished in the federal case. Since 18

U.S.C: sec. 2113(a) can be violated in so many ways, merely identifying the section number is not sufficient to determine whether the conduct punished constitutes a "serious felony" as defined in section 1192.7, subdivision (c), or even whether it constitutes a felony under California law, the prerequiste for prior prison term treatment. (see Plies, 121Cal.App.3d 4.)

    Mr. Bogan was clearly prejudiced by the error in this case. First, five years was added to his sentence for the prior federal conviction. Second, Mr. Bogan had not finished his federal conviction for the use of the prior under penal code 667(e)(1) to double his conviction, under 667 (g)-(f), section 667 can not be use on a foreign prior if it is not a completed prison term. Mr. Bogan had not completed his 1991 federal conviction. (see exhibit one, Bogan's release date from federal custudy) Third if evidence is lacking to prove that the federal conviction was a "serious felony" and therefore not a "strike," the trial court may be more amenable to dismissing the five year enhancement and doubling Mr. Bogan's sentence under the two strike law.

///

## CONCLUSION

    This Court is requested to reverse the sentence and remand for a new sentencing hearing.

7/28/08

Respectfully submitted,

Mr. Gregory A. Bogan

8.

GROUND  THREE:


(SEE  ATTACHED  PAGE)

Ground Three:

The Trial Court Violated the United States and California Constitution's Prohibition against Law's Impairing the obligation of Contract's, when it used Petitioner's prior plea Conviction's to enhance petitioner's sentence pursuant to the Three Strikes, Breaching the original terms specified in the prior plea bargain contract's.

Supporting Facts:

On March 15, 1999, the petitioner plead No-Contest to two counts of violation of penal code §211 Robbery in the second degree, two counts of penal code §236 false imprisonment, and ex-felon in possession of a firearm, the petitioner also under the advise of counsel admitted to three prior convictions. (see change of plea 13:7-28, 14:1-16).

Petitioner was sentence to a Aggravated term of 25 years. The trial court used petitioner's prior plea agreements suffered in 1987 and a Federal prior agreement suffered in 1991. In light of the Federal Conviction it was [N]ot a completed prison term as authorize in penal code 667(b)-(i), the two prior conviction's was used for enhancement purposes to the Three Stikes.

However, at the change of plea hearing for the above 1987 prior conviction for Burglary in the 1st degree, it was to petitioner's understanding that the prior would be used to enhance any new term by up to five years if pwtitioner was ever convicted of any subsequent serious and/or violent felony offense. (see plea agreement CT. pp 2:16-18.)

And In light of petitioner's Federal plea Agreement dated December 16, 1991 out of the United States District Court for the Northern District case No. CR 91-0551 VRW, it was the petitioner's

1b

understanding that after the completion of his sentence, and if he  the petitioner was ever convicted on another felony in state or Federal Court, the conviction could be used to enhance his sentence by one additional year for a prison prior. (see Federal plea agreement and waiver form, exhibit 1a), also federal plea agreement are govern by rule 11.

" By retroactively applying Penal Code 667 (b)-(i), to a federal uncompleted coviction, the trial court violated the specified terms of the prior plea-bargain contracts"

The Federal and States Constitution forbids the government from using or enacting any laws impairing the obligation of contracts. (U.S. Const. Art. I, §9-10; Cal. Const., Art. I §9). It has long been settled State and Federal law that plea agreements are contracts, and are to be interpreted and enforced as such. People v. Ngyen (1993) 13 CA 4th. 114., 120, 116 CR. 2d 490, 493; But see Davis v. Woodford (2006) cited as DJDAR 5033; Riggs v. Fairman 9th Cir. No. 02-55185 No. CV00-04266 CBM(E); Brown v. Poole, (2003) DJDAR 8706; United States v. Johnson, 187 F. 3d 1129-34 (9th Cir. 1999); Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).

In the instant case, petitioner was convicted of second degree robbery W/use of a firearm. (penal code §211). The trial court imposed a term of 25 Years pursuant to the Two Strikes sentencing scheme, using the petitioners Federal Prior Conviction the courts double the upper term of 5 years to 10 years and added a five year enhancement pursuant to penal code §667(a) (CT 5:21-28, 6: 1-6).

2.

Furthermore usen the petitioner's 1987 prior burglary the courts under <u>ROMERO</u> struck his California prior for burglary (sentencing transcripts 4: 15-18).

However, prior to the passage of the Three Strikes law, petitioner's prior offenses were plea agreements with specific terms regarding any future adverse use. The specification of those terms were, "if petitioner was convicted of any future serious felony offense, the the prior plea would be used to enhance the new term by up to five years." And the federal prior agreement that it could be used in any State court for One year, prison prior.

Moreover, the terms of petitioner's prior plea agreements clearly specifies that the current conviction must be akin to the previous conviction, in order for the said priors to be used for enhancement purposes. " See California penal code 667, Pre-1994., which provides; Any person convicted of a serious felony who previously has been convicted of a serious felony in thes state, or any offense committed in another jurisdiction which includes all the elements of any serious felony, shall receive, in addition to the sentence imposed for the present offense, a five year enhancement for each such prior conviction. "As used in subdivision 667, serious felony means a "serious felony" listed in subdivision (c) of Section 1192.7; (Cal. Pen. Code 667, pre 1994).

March 7, 1994; Penal Code 667 was amended to reflect the Three Strikes law, (Cal. Pen. Code, §667(b)-(i), now provides: If a defendant has one prior serious and/or violent felony,

3.

" the prescribed sentence is twice the term otherwise provided as punishment for the current felony conviction." If the defendant has two or more qualifying prior felonies. "the prescribed sentence is an inderterminate term of life imprisonment."

Thus, petitioner contends that the trial court and/or the prosecutor has breached the terms specified in the prior plea bargain contracts, "when it retrospectively applied the provisions of the Three Strikes law, (667(b)-(i), to the said prior plea convictions in order to enhance prtitioner's current term pursuant to Three Strikes, in violation of the terms specified in the prior plea bargain contracts."

Moreover, before the enactment of the Thrre Strikes law, in addition terms of imprisonment for the specified felonies "the Penal Code mandated additional terms of imprisonment for the specified felonies to be imposed, for the aspect of being a "previous convicted" offense. (Cal. Pen. Code 667, Pre-1994)

Therefore, when the stated established terms of two to five years, as the additional punishment to be imposed when the defense is to be considered as a previous conviction for enhancement purposes, "the state placed a limitation on the measure of punishment which could be imposed. Such a provision in effect at the time of sentencing for the prior felony, which places a limitation on future punishment, "is a significant factor entering into the defendant's decision to plea bargain, and the judge's calculation of the sentence to be imposed." See Lynce v. Mathis, 117 S. Ct. at 898.

4.

Petitioner also contends, " that the increase in imprisonment specified in the Three Strikes law, has deprived petitioner of additional liberty, and petitioner would not have entered into such an agreement had petitioner known that the state would . retrospectively increase his enhancement term, creating a greater future liability." The presumption against retrospective application of new laws is an essential thread in the mantle of protection that the law affords to every citizen. " that presuption is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older thatn our Republic. "Langraf v. USI Film Products, 511 U.S. 244 (1994); Calder v. Bull, 3 Dall. at.397-398 (1798). This doctrine finds expression in several provisions of our constitution.

For example, s." the Ex Post Facto Clause flatly prohibet States from passing another type of retroactive legislation, "laws impairing the Obligation of Contracts. The Fifth Amendment "Article I, § 10, cl. 1. prohibit States from passing another type of retroactive legislation, "laws impairing the obligation of contracts.  The fifth Amendment Takings clause prevents the legislature, and other goverment actors from depriving private persons of vested property rights except for a public use, and upon payment of "just compensation."

The prohibitions on Bills of Attainder' in Art. I, §9-10, "projhibit punishment for past conduct." See, e.g., United States v. Brown, 381 U.S. 437, 456-462, 85 S.Ct. 1707, 1718-1722, 14 L. Ed. 2d 484 (1965).

In both the civil and criminal context. "the Constitution places limits on the sovereign's ability to use its law making power to modify bargains it has made with its subjects, " The basic protection is not only one which protects the rich and the powerful, United States v. Winstar Corp., 518 U.S._____. 116 S.Ct. 2432, 135 L. Ed. 2d 964 (1966)., "but also the indigent

defendant engaged in negotiations that may lead to anacknowledgment of guilt and a suitable punishment." (Lynce, supra, at 895 (Emphasis added).

In the instant case, petitioner acknowledges that Penal Code 667(e) empowers the California Legislature and the Voters to amend section 667 and pass a recidivist statute, "but that amendment is not applicable to prior conviction's that were plea agreement contracts with specific terms regarding any future adverse use against petitioner. Moreover, "There is nothing in the language of penal code 667 that empowers the Legislature or the voters to amend, or in any way to change the terms of a contract." It has been well established that plea agreements are governed by the law of contracts, and are binding on the parties that enter into them., i.e., the government and the defendant must abide by such agreements, See Santobello v. New York, 404 U.S. 257 , 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971); e.g., see  United States v. Crusco,  536 F.2d 21, 27 (srd Cir. 1976); United States v. Arnett, 628F.2d 1162, 1164 (9th Cir. 1979), quoting Crusco.

The Respondent can argue that petitioner must be advised of the direct consequences of the prior plea conviction's, and that, petitioner need not be advised of Possible future consequences which are not a direct result of the prior pleas, such as the passing of the Three Strikes law in 1994.

Petitioner acknowledges that a defendant need not be advised of a "possible" future consequence, but in the instance of the prior plea convictions being used to enhance petitioner's sentence pursuant ot Three Strikes there was nothing possible about it. " It was made clear to petitioner that the said prior plea conviction's

would be used to enhance the new term by up to five years, if
petitioner was ever convicted of any subsequent serious and/or
violent felony offense. Therefore, petitioner contends that
the future use of the priors, in the event of enhancing the
current offense pursuant to Three Strikes, "was a direct consequence
of the prior plea agreements, thus, as a term of the said prior
plea bargains, it must be specifically enforced., " i.e., at
sentencing for the prior plea conviction's, "it was to petitioner's
understanding that the prior's would be used to enhance the
new term by up to five years, if petitioner was ever convicted
of any subsequent serious and/or violent felony offense."

Another possibility would be to allow petitioner to withdraw
from the prior plea agreements due to the above stated violations,
but since petitioner has already paid the price by doing the
time, petitioner contends that 'specific enforcement' is in
order. See the recent case from the 9th. Circuit, Brown v. Poole,
2003 DJDAR 8706.

In the instant case, petitioner maintains that the trial
court determinations were contrary to, and an unreasonable application
of, Controlling Suprece Court Law, "when it retroactively applied
the provisions of the Three Strikes law, (Pen. Code 667(b)-(i),
to the said prior plea conviction's in order to enhance petitioner
current term pursuant to Three Strikes, in violation of the
required standards in Santobello v. New York,  404 U.S. 257;
and the 'laws governing the Obligation of Contracts., (U.S.
Const., Art. I, § 9-10; Cal. Const., Art. I, §9).

Not only was the trial court determinations contrary to,
and an unreasonable application of, Controlling Supreme Court

law in accord with the standards held in Williams v. Taylor,
120 S. Ct. at 1509-1519 (2000). Petitioner contends that the
trial court's erroneous decisions affected the length of petitioner
sentence, which clearly had a "substantial and injurious effect"
on the sentencing phase of the proceedings. Brecht v. Abrahamson,
507 U.S. at 637.

Petitioner further contends that the doctrine of 'stare
decisis' is the law to abide by., i.e., "when the court has
once laid down a principle of law that has been determined to
be applicable to a certain state of facts, it must adhere to
that principle and apply it to all future cases where the facts
are substantially the same. Under the "stare decisis" doctrine,
when a point of law has been settled by decision, it forms precedent
which is not to be departed from afterwards".

Thus, when the trial court retroactively applied the provisions
of the Three Strikes law, (Pen. Code 667(b)-(i), to the said
prior conviction's in order to enhance petitioner's current
term pursuant to Three Strikes, "it not only breached the terms
specified in the prior plea bargain contracts, the trial court
violated both the Constitutions prohibitions against "Law's
Impairing the Obligation of Contracts." (U.S. Const., Art. I,
§9-10; Cal. Const.,Art. I §9-10; Cal. Const., Art. I, section
9); and the required standards of Santobello v. New York, 404
U.S 257, wherein the Supreme Court strictly held, When a plea
rests in any significant degree on a promise or an agreement
of the prosecutor, so that it can be said to be part of the
inducement or consideration of a guilty plea, such promises

8.

must be fulfilled. " To determine if a plea agreement has been broken, courts consider what was reasonably understood by the defendant when he entered his plea of guilty.: (Id. at 258-262).

Moreover, in the instant case petitioner maintains that the state is limited to the terms specified in the prior plea bargain contracts. Regarding any adverse use against petitioner, and since a "five year" enhancement and a one year enhancement was specified, and agreed to, by the state and federal court, "petitioner contends that the prior plea bargain contracts are binding." e.g., see, United States v. De la Fuente, ..

///

RESPECTFULLY SUBMITTED,

Mr. Gregory A-Bogan

GREGORY A. BOGAN
IN PRO PER

DATED: 07/28/08

FIRST CLASS

CA MEDICAL FACILITY

Clerk of The U.S
CourT for The Nor
450 Golden Ga
Box 36060
San Francisco

Legal Mail

R. Gregory Bogan
A5574 I-125L
, Box 2500
caville, Ca 95696