IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. BOGAN, ) | No. C 08-03882 JW (PR) |
|     Petitioner, ) | |
|   vs. ) | ORDER OF DISMISSAL |
| MIKE KNOWLES, Warden, ) | |
|     Respondent. ) | |

Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's sole claim in the petition is that his sentence is unconstitutional because the facts supporting his upper term sentence were not presented to a jury to be proven beyond a reasonable doubt. The sentence was imposed in 1999 in Alameda County Superior Court. For the reasons discussed below, the petition will be summarily denied because the case on which petitioner relies, Cunningham v. California, 549 U.S. 270 (2007), does not apply retroactively.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.08\Bogan03882_dism.wpd

States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI.  This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause.  Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968).  The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 ( 2000).  The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303- 04 (2004).  The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court.  See United States v. Booker, 543 U.S. 220, 233-38 (2005).  The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt.  Id. at 243- 245.

In <u>Cunningham v. California</u>, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. <u>Id.</u> at 288-89. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. <u>Id.</u> at 277. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in <u>Apprendi</u>. <u>Id.</u> at 288-89, 293. Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize the sentence and judges did not have the discretion to choose the upper term unless it was justified by additional facts.

In <u>Teague v. Lane</u>, the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based on a constitutional rule of criminal procedure announced after his conviction and sentence became final unless the rule fits within one of two narrow exceptions. <u>Teague v. Lane</u>, 489 U.S. 288, 310-316 (1989). Petitioner had sixty days to file a direct appeal, <u>see</u> Cal. Rule of Court 8.308(a) (formerly Cal. Rule of Court 31), and another ninety days thereafter to seek a writ of certiorari from the United States Supreme Court, <u>see</u> Supreme Court Rule 13. According to the petition, petitioner filed neither a direct appeal nor sought a petition for a writ of certiorari from the United States Supreme Court. (Pet. 3-4.) Therefore, petitioner's conviction became final five months after he was sentenced in June 1999, *i.e.*, in November 1999.

Neither <u>Blakely</u> or <u>Cunningham</u> were decided before petitioner's conviction became final in 1999. The Supreme Court has not made <u>Blakely</u> retroactive to cases

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.08\Bogan03882_dism.wpd            3

1  on collateral review of convictions that became final before <u>Blakely</u> was decided.
2  <u>Schardt v. Payne</u>, 414 F.3d 1025, 1036 (9th Cir. 2005).  In <u>Schardt</u>, the petitioner's
3  conviction became final on December 22, 2000, after <u>Apprendi</u> was decided on June
4  26, 2000, but before <u>Blakely</u> was announced on June 24, 2004.  <u>Id.</u> at 1034.  The
5  Ninth Circuit found that although petitioner's sentence violated the Sixth
6  Amendment's right to a jury under <u>Blakely</u>, habeas relief was not available because
7  the <u>Blakely</u> decision announced a "new rule" that does not apply retroactively to
8  cases on collateral review.  <u>Id.</u> (citing <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989)).
9  Similarly, petitioner's conviction became final in 1999, almost five years before
10 <u>Blakely</u> was decided.  Thus, as in <u>Schardt</u>, petitioner is not entitled to relief on this
11 claim because the rule in <u>Blakely</u> does not apply retroactively to this case.
12 <u>Cunningham</u>, which was essentially a California-specific application of <u>Blakely</u>,
13 also has not been made retroactive to cases on collateral review before <u>Blakely</u> was
14 decided.  <u>Cf.</u> <u>Butler v. Curry</u>, 528 F.3d 624, 633-35, 639 (9th Cir. 2008) (application
15 of <u>Cunningham</u> to petitioner whose conviction became final after <u>Blakely</u> was not
16 barred by <u>Teague</u>).

17      Here, petitioner's conviction became final before <u>Blakely</u> and <u>Cunningham</u>
18 were decided.  <u>Teague</u> prevents the retroactive application of those cases to
19 petitioner's habeas petition.  Accordingly, the petition for writ of habeas corpus is
20 DISMISSED.

22 DATED:  1/6/2009

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.08\Bogan03882_dism.wpd           4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY BOGAN,

        Petitioner,

  v.

MIKE KNOWLES, Warden,

        Respondent.

Case Number: CV08-03882 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/6/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory A. Bogan P-45574
California Medical Facility
P. O. Box 2500
Vacaville, Ca 95696-2000

Dated: 1/6/2009

/s/ Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk